IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD LEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 06613 |
| | ) | |
| BOEING COMPANY, | ) | The Honorable |
| | ) | Sharon Johnson Coleman, |
| Defendant. | ) | Judge Presiding. |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action is one of 29 lawsuits filed against Boeing Company ("Boeing") stemming from the crash of a Boeing 737-800 airplane, owned by Perge Aviation Ltd. and operated by Turkish Airlines, as it approached Schipol Airport near Amsterdam, Netherlands, at the end of a flight that had originated in Istanbul, Turkey. Plaintiff filed a motion to remand the case to state court. Defendant filed a response to both plaintiff's motion and to the Honorable Milton Shadur's *sua sponte* order to remand. After full consideration, this Court lacks subject matter jurisdiction therefore the case is remanded back to the Circuit Court of Cook County pursuant to 28 U.S.C. §1447(c).

Jurisdiction is a threshold inquiry that the Court is required to undertake with every case that comes before it. Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986). "Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua*

*sponte*, they must." Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005).

Boeing seeks removal of this case to federal court on the basis of a claimed "mass action" pursuant to §1332(d) of the Class Action Fairness Act (CAFA). 28 U.S.C. §1332(d). Boeing asserts in its Notice of Removal that when "plaintiffs proposed that an exemplar trial on Boeing's liability be held, followed by application of issue or claim preclusion to the remaining plaintiffs... this case became a 'mass action' over which this Court has jurisdiction." Notice of Removal at 5. Plaintiff responds that he never made any such proposal and that Boeing bases its assertion that plaintiff proposed an exemplar trial on a footnote in a response brief to Boeing's state court motion for *forum non conveniens* in which plaintiff's counsel observed that in other unspecified aviation cases "several exemplar cases are routinely tried on one occasion at which time the issue of liability is determined for the remainder of the cases." Plaintiff here has not consolidated this action with any other or attempted to consolidate the cases and whether plaintiff's counsel may have suggested in a footnote that an example trial on liability is a possibility does not amount to a proposal for joint trial.

The plain language of section 1332(d)(11), which refers to a singular cause of action, clearly demonstrates that jurisdiction does not lie in the case *sub judice*. Section 1332(d) states: "any civil action...in which monetary relief claims of one hundred or more persons are proposed to be tried jointly." 28 U.S.C. §1332(d)(11)(B)(I).

Boeing invokes the Seventh Circuit's decision in Bullard v. Burlington N. Santa Fe Ry., 535 F.3d 759, 762 (7th Cir. 2008), as authority for this Court to exercise jurisdiction over a proposed "exemplar trial on Boeing's liability." Boeing's reliance on Bullard is misplaced. As the Seventh Circuit recently noted in Anderson v. Bayer Corp., 610 F. 3d 390, 394 (7 th Cir.

2010), referring to Bullard: "We also noted that §1332(d)(11) extended to a situation where only a few representative plaintiffs would actually go to trial, with claim or issue preclusion to be used to dispose of the remaining claims without trial."

Boeing attempts to bring this case into that category of mass action articulated in Bullard and Anderson, by referring collectively to the 100 + potential plaintiffs and the potential liability of Boeing. However, in Bullard, the single complaint identified 144 plaintiffs and proposed to hold multiple trials of exemplary plaintiffs, followed by application of issue or claim preclusion to 134 more plaintiffs "without another trial." Bullard, 535 F.3d at 762. There are two significant differences that take the instant case out of this category of mass action: (1) the 117 passengers injured in the plane crash at issue have not filed suit in a single complaint, rather this case involves only one plaintiff; and (2) the "proposal" of an exemplar case to resolve Boeing's "overall liability." Anderson and Bullard carved out a category of mass action which allows multiple trials and "disposing of the remaining claims without another trial." Here, even if plaintiff had proposed an exemplar trial on Boeing's "overall liability," it would not dispose of the remaining claims without another trial.

There is nothing before this Court to suggest that if an exemplary trial resulted in a finding against Boeing on liability, that plaintiffs would forgo trials for their other claims, particularly on the issue of damages. Therefore, Boeing's assertion of federal jurisdiction on the basis of "mass action" fails because Boeing has not met the requirement of a single action with 100 or more persons and there is no proposal for joint trial. At this time, the Court finds no present federal jurisdiction under CAFA, and Boeing suggests no other basis for subject matter jurisdiction.

Since "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447(c)), the case must be remanded. This Court so orders, and the certified copy of the remand order shall be mailed forthwith.

Date: November 5, 2010

_____
Sharon Johnson Coleman
United States District Court Judge